IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | : |
| **Plaintiff** | : Civ. No. 1:13-CV-02240 |
| v. | : |
| **KENNETH HAYES** | : |
| and | : |
| **DIANE HAYES,** | : |
| **Defendants** | : Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

This civil case arises out of competing claims for the proceeds of a life insurance policy. Plaintiff, Hartford Life and Accident Insurance Company ("Hartford"), has deposited the full sum of the life insurance policy with the court registry and has been dismissed from the case. Presently before the court is Defendant Diane Hayes's ("Diane") motion for summary judgment (Doc. 21), arguing that she is entitled to the life insurance proceeds as a matter of law because she was the sole surviving beneficiary listed on the policy at the time of the decedent-insured's death. Defendant Kenneth Hayes ("Kenneth") contends that there is a genuine issue of material fact as to whether the decedent-insured had properly executed and mailed a change of beneficiary form that, through no fault of her own, was not on file with Hartford at the time of her death. For the reasons that follow, the court will deny the motion for summary judgment.

**I.     Background**

The following facts are undisputed or, where disputed, reflect Kenneth's version of facts in the record, pursuant to this court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986).

**A.     Procedural History**

On August 27, 2013, Hartford filed the present interpleader action pursuant to 28 U.S.C. § 1335, to resolve Kenneth's and Diane's competing claims for Bernice Hayes's ("Decedent")'s life insurance policy.  (Doc. 1.)  On October 17, 2013, the court entered an order allowing Hartford to deposit the sum of $25,000.00, plus any applicable interest, into the court's registry.  (Doc. 8.)  On May 29, 2014, the court entered a stipulated order discharging Hartford from any claims for Decedent's insurance benefits and dismissing Hartford from this action.  (Doc. 20.)  Therefore, in its present posture, this case presents only a dispute between the two defendants.

On June 30, 2014, Diane filed a motion for summary judgment and incorporated therein a statement of undisputed material facts.  (Doc. 21.)  On July 1, 2014, Diane perfected her motion by filing a brief in support.  (Doc. 22.)  On July 21, 2014, Kenneth filed a brief in opposition (Doc. 23) and a responsive statement of facts (Doc. 24).  Diane filed a reply brief on August 5, 2014.  (Doc. 30.)  Thus, this matter has been fully briefed and is appropriate for the court's consideration.

**B.     Facts**

Decedent was covered for a basic life insurance benefit in the amount of $25,000.00 through a group policy ("the Policy") issued by Hartford to Decedent's

former employer, the Board of Education of Prince George's County, Maryland (the "Employer").  (Doc. 1, ¶¶ 7-8.)  On January 16, 2007, Decedent prepared and executed a "Designation of Beneficiary" form ("2007 Form") designating her son, Vidal E. Hayes ("Vidal") and his then-wife, Diane, as beneficiaries of the Policy, each to receive fifty-percent of the benefit amount.  (*See* Doc. 1-2, p. 55 of 61.)

At some point prior to 2009, Vidal and Diane separated.  (*See* Doc. 30, p. 3 of 13.)  On July 1, 2009, Decedent signed a Last Will and Testament naming her sons, Vidal and Kenneth, as equal beneficiaries of her estate.  (*See* Doc. 23-1.)  In Paragraph X, the Will stated: "It is my expressed intention for Diane Smerechniak-Hayes, not to receive any distribution of my Will, nor benefit from my demise, in any way."  (*Id.* at p. 9 of 9.)  On that same date, Decedent also executed a Durable Power of Attorney ("POA"), appointing Kenneth as her agent.

Vidal pre-deceased Decedent.  (Doc. 1, ¶ 10.)  On February 5, 2013, Decedent died of colon cancer.  (Doc. 1-2, p. 57 of 61.)  At the time of her death, the 2007 Form was the only beneficiary form on file with the Employer.  (Doc. 1, ¶ 12.)  However, on May 29, 2013, Hartford received a second "Beneficiary Designation" form ("2012 Form") that was signed and dated by Decedent on September 4, 2012 and which named Vidal and Kenneth as beneficiaries, each to receive fifty-percent of the benefit amount.  (Doc. 1-2, p. 59 of 61.)  The 2012 Form also designated Decedent's grandsons, Jalen Le Doux-Hayes and minor J.L.H. as contingent beneficiaries, each to receive fifty-percent of the benefit amount.  (*Id.*)  The 2012 Form was notarized by R. Paul Martinez (*see id.*; Doc. 23-3, ¶ 5) and the signature was witnessed by Melissa Martinez, Teresa Le Doux-Hayes ("Teresa"), and Dorothy

Sweet, a resident assistant at the nursing home where Decedent spent her final months. (Doc. 23-3, ¶¶ 4-5; Doc. 23-4, ¶ 17; Doc. 23-5, ¶¶ 4-5).

> Pursuant to the terms of the Policy:
>
> [An Employee] may designate or change a beneficiary by doing so in writing on a form satisfactory to Us and filing the form with the Employer. Only satisfactory forms *sent to the Employer prior to Your death will be accepted.*
>
> *Beneficiary designations will become effective as of the date You signed and dated the form, even if You have since died.* We will not be liable for any amounts paid before receiving notice of a beneficiary change from the Employer.
>
> In no event may a beneficiary be changed by a Power of Attorney.

(Doc. 1-2, p. 24 of 61 (emphasis supplied).)

In a signed affidavit, Kenneth stated that, on the morning of September 5, 2012, he prepared an envelope with the proper address and postage and placed the original of the 2012 Form, executed the prior day, into the envelope. (Doc. 23-4, ¶ 18.) After preparing the envelope, he and Teresa went to the Littleton, Colorado Post Office, located at 6698 South Iris Street, Littleton Colorado, 80123, and he deposited the letter into the mailbox as he had done on numerous prior occasions. (Id. at ¶ 19.) Teresa witnessed Kenneth prepare and mail the envelope containing the 2012 Form. (Doc. 23-5, ¶¶ 6-7.)

## II.  **Legal Standard**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is only entitled to

judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the moving party has demonstrated an absence of material fact, the nonmoving party then must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  In considering a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmovant.  *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue.  *Davis v. National R.R. Passenger Corp.*, 733 F. Supp. 2d 474, 485 (D. Del. 2010) (citing *Anderson*, 477 U.S. at 249).

### III.     Discussion

This primary issue in the matter *sub judice* is whether the alleged execution and mailing of a change of beneficiary form that, for whatever reason, was not on file with the employer at the time of the decedent-insured's death precludes

5

the grant of summary judgment in favor of the beneficiary designated by the form that was on file.  The court finds that the application of both the mailbox rule and the doctrine of substantial compliance create triable issues of material fact and will therefore deny the motion for summary judgment.

### A.  **The Mailbox Rule**

The life insurance proceeds at issue in the instant case flow from a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Under ERISA, a fiduciary must "administer the [ERISA] plan 'in accordance with the documents and instruments governing the plan,' making payments to a 'beneficiary' who is 'designated by a participant, or by the terms of [the] plan.'" *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (citing 29 U.S.C. § 1104(a)(1)(D) and § 1002(8)) (internal citations omitted); *Prudential Ins. Co. of Am. v. Pryor*, 336 F. App'x 232, 234 (3d Cir. 2009).  Here, the Policy provided that an employee may change a beneficiary in writing on a form satisfactory to Hartford by "filing the form" with the employer.  (Doc. 1-2, p. 24 of 61.)  The Policy further provided that only satisfactory forms "sent" to the employer prior to the employee's death will be accepted.  (*Id.*)

It is not disputed that the 2012 Form was in writing on a form satisfactory to Hartford.  (*Id.*)  Thus, the issue becomes whether Decedent changed the beneficiary by filing the form with her Employer.[1]  Although the method of filing is not defined by the Policy itself, when read in context, the Policy only requires the sending of the form to be effective.  The Policy makes clear that the filing of the

---

[1]  To the extent that Diane questions the authenticity of Decedent's signature on the 2012 Form, the court notes that this is clearly a disputed issue of material fact that cannot be resolved on a motion for summary judgment.

form with the employer will effectuate a change in beneficiary. The next sentence clarifies that only satisfactory forms *sent* to the Employer prior to the employee's death will be accepted. When read together, the Policy assumes that a duly executed and sent form will be accepted by the Employer to constitute a change in beneficiary. Although the Policy implicitly requires the receipt of the form by the Employer, sending the form is the operative action necessary to effectuate a change in beneficiary.

Kenneth has presented evidence that he properly mailed the 2012 Form to the Employer on behalf of Decedent, for whom he served as power of attorney. Based on this evidence of mailing, Kenneth argues that the court must presume that the Employer received the 2012 Form because of the presumption of receipt embodied in both state and federal common law, *i.e.*, the "mailbox rule." *See, e.g., Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.") In response, Diane contends that the presumption does not apply in this case because the Policy specifically required the change of beneficiary form to be on file with the Employer and/or Hartford to be valid.[2]

The mailbox rule provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the

---

[2] In her arguments, Diane frequently relies on the Policy's assignment provision in support of her argument that the change of beneficiary form needed to be "acknowledged and on file" with Hartford. (*See, e.g.*, Doc. 30, p. 8 of 13.) However, this provision is inapplicable to the present dispute as an assignment is the "transfer of rights or property," Black's Law Dictionary 128 (8th ed. 2004), and there is no indication that Decedent intended to transfer any such rights. Thus, the court will only address the Policy's provision governing changes of beneficiaries.

addressee in the usual time. *See Meierdierck v. Miller*, 147 A.2d 406, 408 (Pa. 1959) ("The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressee."); *Philadelphia Marine Trade Ass'n-Int'l Longshoremen's Assoc. Pension Fund v. Commissioner of the Internal Revenue Serv.*, 523 F.3d 140, 147 (3d Cir. 2008) ("If a document is properly mailed, the court will presume the United States Postal Service delivered the document to the addressee in the usual time."). However, it has often been stated that "[a] presumption that a letter was received cannot be based upon a presumption that the letter was mailed." *See, e.g.*, *Carnathan v. Ohio Nat'l Life Ins. Co.*, Civ. No. 1:06-cv-999, 2008 WL 2578919, *3 (M.D. Pa. June 26, 2008) (quoting *Commonwealth v. Thomas*, 814 A.2d 754, 758 (Pa. Super. Ct. 2002). Therefore, a party seeking the benefit of this presumption must present sufficient evidence to establish that the letter was actually mailed. *Id.* Once the presumption is established, "the party alleging that it did not receive the letter has the burden of establishing such, and merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt." *Id.* (citing *Geise v. Nationwide Life & Annuity Co. of Am.*, 939 A.2d 409, 423 (Pa. Super. Ct. 2007)). "The question of whether an individual item was actually prepared and mailed is a purely factual determination, and as the Supreme Court has made clear, there is no presumption applicable to the resolution of such a question." *Id.* (quoting *Geise*, 939 A.2d at 425.)

      Here, the 2012 Form was not sent by registered or certified mail and was not logged as received, but neither was it returned as undeliverable. "Therefore, there is no direct or conclusive evidence of either receipt or non-receipt." *Kriebel v.*

*Long*, 994 F. Supp. 2d 674, 677 (E.D. Pa. 2014); *see Nunley v. City of L.A.*, 52 F.3d 792, 796 (9th Cir. 1995). Faced with inconclusive evidence, the mailbox rule can be used as a tool for determining whether receipt has actually been accomplished. *Id.* (citing *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001)). Although proof of mailing alone is insufficient to demonstrate receipt of the 2012 Form, if Kenneth can establish that the form was mailed, the burden will shift to Diane to prove that it was not received. It will then be for the fact finder to determine whether Kenneth's and Teresa's testimony, and any other evidence Kenneth presents, regarding the proper and timely mailing of the form is credible, and if so, whether Diane has presented sufficient evidence to rebut the presumption of receipt. *See Kriebel*, 994 F. Supp. 2d at 678.

### B. Substantial Compliance

The doctrine of substantial compliance also directs against a grant of summary judgment in this case. Typically, a policy holder must follow the requirements of the specific policy to validly change her beneficiary. *In re Estate of Golas*, 751 A.2d 229, 231 (Pa. Super. Ct. 2000). However, under Pennsylvania law, where a dispute arises over entitlement to a plan participant's life insurance proceeds because of an alleged failure by the participant to change the designated beneficiary on the participant's life insurance policy, courts apply the doctrine of substantial compliance. *Teachers Ins. & Annuity Ass'n of Am. v. Bernardo*, 683 F. Supp. 2d 344, 352 (E.D. Pa. 2010). In doing so, courts give effect to the intent of the insured where the insured has done all that she reasonably can under the circumstances to comply with the terms of the policy. *Golas*, 751 A.2d at 231; *Cipriana v. Sun Life Ins. Co. of Am.*, 757 F.2d 78, 81 (3d Cir. 1985). The essential inquiry "is whether it

has been shown that insured intended to execute a change to such an extent that effect should be given it." *Prudential Ins. Co. v. Bannister*, 448 F. Supp. 807, 809 (W.D. Pa. 1978).

The court finds instructive the state and federal cases that have applied the doctrine of substantial compliance and found that, where a decedent had executed a change in beneficiary form or equivalent writing, but some ministerial act by the insurance company was not completed through no fault of the decedent, effect would be given to the intent of the decedent. *Golas*, 751 A.2d at 232 (citing cases). In this case, if the jury concludes that Kenneth's evidence is credible and that the 2012 Form was indeed executed and properly mailed, but that, for whatever reason, the insurance company's files were not updated, then the jury could find in favor of Kenneth based on the doctrine of substantial compliance.

Also instructive is Pennsylvania Superior Court's decision in *Golas*, upholding the trial court's conclusion that the decedent had made every reasonable effort under the circumstances to comply with the requirements of his IRA agreement to change his beneficiary. *Golas*, 751 A.2d at 233. The decedent had twice explained to the plan holder that he wished to change his beneficiary and asked for the appropriate form to be forwarded to him. *Id.* However, he died before the forms were received and executed. Finding that "[i]t would be wholly falicious to expect [the decedent] to have done any more than he did to accomplish the change, particularly in light of his rapidly deteriorating health," the court gave effect to the decedent's clear intent to change his beneficiary. *Id.* Here, the jury could likewise find that, in light of her physical condition, Decedent did everything she could to effectuate the change in her beneficiary by executing a notarized change of

beneficiary form in the presence of witnesses and giving it to her power of attorney to mail on her behalf.

In any event, determining substantial compliance is a heavily fact specific inquiry and material factual questions remain in this case.  Accordingly, the court will deny the motion for summary judgment on this basis.

### IV.  Conclusion

For the reasons stated above, the court finds that material questions of fact remain and will therefore deny Diane's motion for summary judgment.

An appropriate order will be issued and docketed separately.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  September 30, 2014.