IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | : CIVIL NO. 1:13-CV-2240 |
| **Plaintiff** | : |
| v. | : |
| **KENNETH HAYES and DIANE HAYES,** | : |
| **Defendants** | : |

## M E M O R A N D U M

Before the court is Defendant Diane Hayes' motion *in limine* to preclude decedent Bernice Hayes' last will and testament from being introduced as evidence at trial. The motion has been fully briefed by both defendants and is ripe for disposition. For the reasons set forth below, the motion will be denied.

**I.      Background**

This case arises out of competing claims for proceeds of a life insurance policy on the life of Bernice Hayes, decedent. On January 16, 2007, the decedent executed a "Designation of Beneficiary" form designating her son, Vidal E. Hayes, and his wife, Diane Hayes, as beneficiaries of the insurance policy, each to receive 50 percent of the benefit amount of $25,000.00. At some point in time, before July 2009, Diane and Vidal separated. On July 1, 2009, the decedent signed a will naming her sons, Vidal and Kenneth, as equal beneficiaries. Paragraph X of the will states: "It is my expressed intention for Diane Smerechniak-Hayes, not to receive

any distribution of my Will, nor benefit from my demise, in any way." It is this document that Diane Hays seeks to preclude as evidence at trial.

**II.      Discussion**

In its memorandum addressing Defendant Diane Hayes' motion for summary judgment (Doc. 33), this court discussed some of the disputed issues in this case, such as whether a change of beneficiary form was signed, whether it was mailed, whether it was received by the appropriate entity, etc. Because these are factual questions that must be decided by a jury, the motion for summary judgment filed by Diane Hayes was denied.

In the motion *in limine*, Diane Hayes alleges that

> [a]ny reference to the Last Will and Testament of Bernice M. Hayes is wholly irrelevant because a Last Will and Testament executed on July 1, 2009, does not clarify any intent by the insured to change her beneficiary on September 4, 2012, nor does it demonstrate, per strict policy requirements, that the insured did all that she reasonably could under the circumstances to comply with the terms of the life insurance policy.

(Doc. 35, ¶ 5.)

Pennsylvania courts apply the doctrine of substantial compliance to give effect to the participant insured's intent. *Teachers Insurance & Annuity Assoc. of America v. Bernarde*, 683 F. Supp. 2d 344, 354 (E.D. Pa. 2010), *citing Cipriani v. Sun Life Ins. Co. of America*, 757 F.2d 78 (3d Cir. 1985). In *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554 (11th Cir. 1994), the court held:

> Pursuant to federal common law, an insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive

>     action which is for all practical purposes similar to the
>     action required by the change of beneficiary provisions of
>     the policy.

*Id.* at 564.  Thus, based on the *Phoenix* case, one of the issues to be decided at trial is whether there is evidence of an intent to make a beneficiary change.  The introduction of this will goes to the element of intent.

**III.     Conclusion**

The motion *in limine* will be denied.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  December 4, 2014.

3